```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.,

                          Plaintiff,

        -against-                               MEMORANDUM AND ORDER
                                                Case No. 13-CV-6233 (FB) (RER)
HADRAMOUT CAFÉ AND LOUNGE
d/b/a MOCHA HOOKAH and AMMAR
SULAIMAN,

                          Defendants.
------------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On March 10, 2014, Magistrate Judge Reyes issued a report and recommendation ("R&R") recommending that the Court grant plaintiff's motion for a default judgment in the amount of $9,200.00 against Hadramout Café and Lounge, Inc. d/b/a Mocha Hookah ("Mocha Hookah"), for an unauthorized exhibition of a boxing match to its patrons on November 12, 2011. The R&R also recommended that no judgment be awarded against Ammar Sulaiman ("Sulaiman") because the plaintiff failed to allege facts establishing any relationship between Sulaiman and Mocha Hookah.

The R&R recited that "[a]ny objections to the recommendations made in this Report must be filed . . . within fourteen (14) days of receipt hereof," and that "[f]ailure to file timely objections may waive the right to appeal the District Court's Order." R&R at 9. On March 10, 2014, the R&R was served on defendants, making objections due by March 24, 2014. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are

no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

The R&R contains no error, let alone plain error. Accordingly, the Court adopts it without *de novo* review. While no award shall be made against Sulaiman, the Clerk shall enter judgment in favor of plaintiff against Mocha Hookah in the total amount of $9,200.00, reflecting: (1) $2,200.00 in actual damages, (2) $6,600 in enhanced damages, and (3) $400 in costs.

**SO ORDERED**.

  /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

April 2, 2014
Brooklyn, New York